UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERICK LOUIS WILLIAMS,<br><br>                              Plaintiff,<br><br>         -against-<br><br>SAMARITAN DAYTOP VILLAGE<br>WOODSIDE SENIOR CENTER, et al.,<br><br>                              Defendants. | 23-CV-10323 (JGLC) (VF)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

   This motion to dismiss was referred to Magistrate Judge Valerie Figueredo for a Report and Recommendation. *See* ECF Nos. 8, 14. In the Report and Recommendation filed on January 29, 2025, Magistrate Judge Figueredo described the relevant facts and procedural history of the case, and recommended that the undersigned grant Defendants' motion to dismiss. *See* ECF No. 24 ("Report and Recommendation" or "R&R").

   In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised Plaintiff that he had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 24 at 24. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Plaintiff timely filed objections on February 12, 2025. *See* ECF No. 25.

Plaintiff, however, failed to assert any viable objections. Plaintiff's objections are simply to point the Court to evidence supporting the facts alleged in his Complaint. *See* ECF No. 25. For example, he sent to the Court a document to prove that "defendant made Plaintiff wash utensils food traps coffee pot and pots." *Id*. However, the R&R already properly assumed the truth of these allegations. ECF No. 24 at 2. As such, Plaintiff provided no basis to reject any portion of the R&R.

The Court has reviewed the motion papers, the Report and Recommendation, and Plaintiff's objections, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety. Plaintiff has until **April 7, 2025**, to amend his complaint to allege whether an exception to the election of remedies doctrine applies and to allege plausible Title VII claims. *See* R&R at 23. If Plaintiff fails to do so, Plaintiff's Title VII claims will be dismissed with prejudice, and the Court will close this case. *Id.* at 23 n.5. The Clerk of Court is directed to terminate ECF No. 14 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 14, 2025
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge