**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DERICK LOUIS WILLIAMS,

                       Plaintiff,

            -against-

SAMARITAN DAYTOP VILLAGE WOODSIDE
SENIOR CENTER, et al.,

                    Defendants.
------------------------------------------------------------------X

23-CV-10323 (JLGC) (VF)

**REPORT &**
**RECOMMENDATION**

**VALERIE FIGUEREDO, United States Magistrate Judge**

**To: THE HONORABLE JESSICA G. L. CLARKE, United States District Judge.**

On November 21, 2023, Plaintiff Derick Louis Williams, proceeding *pro se*, commenced this action against Samaritan Daytop Village, Inc. ("Samaritan")[1], Tonya Chestnut ("Chestnut"), and Robert Kloepping ("Kloepping") (collectively, "Defendants"), alleging workplace discrimination and retaliation. See ECF No. 1. On February 12, 2024, Plaintiff filed an amended complaint, alleging discrimination on the basis of race and asserting discrimination, hostile work environment, and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297. See ECF No. 5. Defendants moved to dismiss the complaint. See ECF No. 14. On March 14, 2025, The Honorable Jessica G. L. Clarke dismissed Plaintiff's Title VII claims against Chestnut and Kloepping with prejudice and dismissed Plaintiff's remaining

---

[1] Samaritan is improperly named in this suit as Samaritan Daytop Woodside Senior Center.

Title VII and NYSHRL claims without prejudice. <u>See</u> ECF No. 26; ECF No. 24 at 24.[2] Plaintiff was granted an opportunity to amend his complaint. ECF No. 26 at 2.

Plaintiff filed a second amended complaint on April 4, 2025. <u>See</u> ECF No. 27. Pending before the Court is Defendants' motion to dismiss the second amended complaint. <u>See</u> ECF No. 29. For the reasons set forth below, I respectfully recommend that Defendants' motion to dismiss be **GRANTED** and Plaintiff's second amended complaint be dismissed with prejudice.

## **<u>BACKGROUND</u>**[3]

The Court assumes the parties' familiarity with the facts of this case which are recounted in the Court's Report and Recommendation ("R&R") on the previous motion to dismiss the amended complaint. <u>See</u> ECF No. 24.

On April 4, 2025, Plaintiff filed his second amended complaint. <u>See</u> ECF No. 27. In the second amended complaint, Plaintiff reasserts the same claims he raised in his first amended complaint. Plaintiff again alleges that Defendants discriminated against him because of his race and he asserts discrimination, hostile work environment, and retaliation claims under Title VII and the NYSHRL. <u>See</u> <u>id.</u> at 2-6.

---

[2] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

[3] Because Plaintiff is proceeding *pro se*, I have construed his first amended complaint and second amended complaint together as the operative pleading to best understand Plaintiff's claims. <u>See</u> <u>Sanderson v. Leg Apparel LLC</u>, No. 19-CV-8423 (GHW), 2020 WL 7342742, at *2 (S.D.N.Y. Dec. 14, 2020) ("Because Plaintiff is proceeding *pro se*, the Court will consider the First Amended Complaint and the Second Amended Complaint together as the operative pleading."); <u>Terio v. Johann</u>, No. 05-CV-5918 (RPP), 2006 WL 2819659, at *3 (S.D.N.Y. Sept. 29, 2006), <u>aff'd by</u>, 257 F. App'x 374 (2d Cir. 2007) ("Although an amended complaint ordinarily super[s]edes the original, the original and amended complaints are considered together in order to understand the *pro se* plaintiff's claims as best as possible.") (internal citations omitted); <u>Washington v. Westchester Cnty. Dep't of Corr.</u>, No. 13-CV-5322 (KPF), 2015 WL 408941, at *1 (S.D.N.Y. Jan. 30, 2015) (explaining that "the Court will consider facts from the [*pro se*] Plaintiff's Complaint . . . that have not been repeated in the Amended Complaint").

On April 14, 2025, Defendants moved to dismiss the second amended complaint. See ECF No. 29. Defendants also submitted a sworn affirmation and nine exhibits in support of their motion. See ECF Nos. 30, 30-1, 30-2, 30-3, 30-4, 30-5, 30-6, 30-7, 30-8, 30-9. Plaintiff filed his opposition to the motion to dismiss on April 28, 2025. See ECF No. 33. Defendants filed their reply brief on May 12, 2025. See ECF No. 34.

## DISCUSSION

Defendants seek dismissal of the second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(l) and 12(b)(6). ECF No. 31 at 9-10. For the following reasons, I respectfully recommend that the second amended complaint be dismissed with prejudice pursuant to Rules 12(b)(1) and 12(b)(6).

A.  Plaintiff's Title VII claims against individual Defendants Chestnut and Kloepping

Plaintiff's second amended complaint includes claims that the Court previously dismissed with prejudice. In the prior R&R, I recommended that Plaintiff's Title VII claims against individual Defendants Chestnut and Kloepping be dismissed with prejudice because Title VII does not provide for individual liability. See ECF No. 24 at 8, 19. Judge Clarke adopted that recommendation, dismissing the claims with prejudice. ECF No. 26 at 2. Nonetheless, Plaintiff repleads these previously dismissed claims. I therefore recommend that these claims again be dismissed with prejudice. See Feinman v. Schulman Berlin & Davis, 677 F. Supp. 168, 173 (S.D.N.Y. 1988) ("Plaintiffs obviously may not replead as to matters which the Court has dismissed with prejudice."); Rogers v. City of New Rochelle, No. 19-CV-479 (CM), 2019 WL 5538031, at *4 (S.D.N.Y. Oct. 25, 2019) (explaining that "Plaintiff must not reassert in his amended complaint claims that the Court has dismissed in this action").

B. Plaintiff's remaining claims

Plaintiff's second amended complaint also includes claims that the Court previously dismissed without prejudice. Specifically, Plaintiff repleads a Title VII claim against Defendant Samaritan and NYSHRL claims against Defendants Samaritan, Chestnut, and Kloepping. As explained below, I recommend that these claims be dismissed with prejudice, because Plaintiff was previously advised of the deficiencies in these claims and he failed to remedy them in his second amended complaint. See Vizcarrondo v. Schriro, No. 15-CV-240 (PAE) (JCF), 2016 WL 4051866, at *4 (S.D.N.Y. July 26, 2016) (explaining that amended complaint should be dismissed with prejudice where *pro se* plaintiff was granted leave to amend, given "a road map for stating a cause of action," and amended complaint "failed to cure or even meaningfully address critical defects in his pleadings"); Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc., No. 08-CV-7508 (SAS), 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) ("[A] dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment.").

*1. Title VII claims against Defendant Samaritan*

In the prior R&R, I recommended that Plaintiff's Title VII claims against Defendant Samaritan be dismissed because Plaintiff failed to exhaust his administrative remedies by not obtaining a right to sue letter prior to commencing this action. See ECF No. 24 at 8-10. I additionally recommended that all of Plaintiff's Title VII claims be dismissed for the separate, independent reason that Plaintiff had failed to plead sufficient facts to make out *prima facie* claims of discrimination, retaliation, and hostile work environment under Title VII. See id. at 10-19. I now recommend that Plaintiff's Title VII claims against Samaritan be dismissed on the same grounds.

4

Beginning with the failure to exhaust administrative remedies, in his second amended complaint, Plaintiff again alleges that he has "not yet" received a right to sue letter from the Equal Employment Opportunity Commission. ECF No. 27 at 6; see also ECF No. 5 at 6. Because it is plain from the face of the second amended complaint that Plaintiff has not received a right to sue letter, the Court may again consider Defendants' affirmative defense that Plaintiff has failed to exhaust his administrative remedies. See ECF No. 24 at 9. And because Plaintiff has failed to exhaust his administrative remedies by not receiving a right to sue letter, I recommend that Plaintiff's Title VII claims against Samaritan be dismissed with prejudice. See Ashmeade v. Amazon.com, No. 23-CV-4331 (KMK), 2024 WL 4266391, at *12 (S.D.N.Y. Sept. 23, 2024) ("[T]he Court must dismiss Plaintiff's Title VII claims in light of his failure to exhaust available administrative remedies.").

Turning to the failure to state a claim, as Defendants correctly state, Plaintiff's second amended complaint largely parrots the first amended complaint with only two additions.[4] See ECF No. 31 at 12. First, Plaintiff previously identified that he was retaliated against and harassed and now he also adds, as an example of an adverse employment action, that he suffered intimidation and threats that were explicit.[5] ECF No. 27 at 5. Second, Plaintiff includes the

---

[4] The second amended complaint also omits 36 pages of documents that Plaintiff had previously included with his first amended complaint, including a complaint that he filed with the New York State Division of Human Rights, a performance review from Defendant Chestnut, and a complaint that he sent to Samaritan's Human Resources department. See ECF No. 5 at 8-43. For purposes of this R&R, I have considered these documents and construed them with Plaintiff's second amended complaint. See supra note 3.

[5] Although this particular phrase is new to the second amended complaint, Plaintiff previously alleged in the first amended complaint that Defendant Chestnut "verbal[ly] abuse[d]" him in the workplace with "frequent threats." See ECF No. 5 at 5, 13, 22; see also ECF No. 24 at 2, 18.

following additional facts to support his claims: "a USB video to prove my case . . . was also given to division of Human Rights."[6] Id. These additions, however, do not address any of the deficiencies in Plaintiff's claims that were discussed in the R&R. See ECF No. 24 at 10-19. Plaintiff still has failed to allege sufficient facts to plead a *prima facie* claim of discrimination, retaliation, or hostile work environment under Title VII.

Beginning with Plaintiff's discrimination claim, I previously concluded that Plaintiff had not satisfied one of the four essential elements of a discrimination claim under Title VII: he had not plausibly alleged that he suffered an adverse employment action. See ECF No. 24 at 10-12; Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 83 (2d Cir. 2015) (explaining that a plaintiff asserting a discrimination claim under Title VII must allege that "(1) [ ]he is a member of a protected class; (2) [ ]he is qualified for h[is] position; (3) [ ]he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination") (citation omitted). With the second amended complaint, Plaintiff has not put forth facts to plausibly allege that he suffered an adverse employment action. See ECF No. 24 at 10-12.

Construing the second amended complaint liberally, although Plaintiff alleges that he was threatened and intimidated (see ECF No. 27 at 5), that bare allegation does not demonstrate that Plaintiff experienced an adverse employment action. See Lewis v. Snow, No. 01-CV-7785 (CBM), 2003 WL 22077457, at *7 (S.D.N.Y. Sept. 8, 2003) ("An adverse employment action is a materially adverse change in the conditions of employment. Circumstances that constitute a materially adverse change include a termination of employment, a demotion evidenced by a

---

[6] In his opposition to Defendants' motion to dismiss, Plaintiff also states that he "submitted a USB video to support the facts and merit[s] of this case[.]" ECF No. 33 at 1. Despite this assertion, Plaintiff has not shared any video footage or USB device with the Court for review.

decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly

diminished material responsibilities, or other indices . . . unique to a particular situation.")

(internal quotation marks and citations omitted, alteration in original); see also Ortiz v. Pace

Univ., 761 F. Supp. 3d 695, 702 (S.D.N.Y. 2025) (quoting Brown v. Montefiore Med. Ctr., No.

19-CV-11474 (ALC) (JLC), 2022 WL 392313, at *3 (S.D.N.Y. Feb. 9, 2022)) ("In order to

survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute

intentional discrimination as well as circumstances giving rise to a plausible inference of racially

discriminatory intent."). Further, although Plaintiff asserts that he has a video to prove his case,

the video was not provided with the complaint and Plaintiff does not describe the events that

were presumably caught on the video in his second amended complaint. Stated simply, Plaintiff

provides no factual details to support a plausible inference of an adverse employment action.

Next, as to Plaintiff's retaliation claim, I explained in the R&R that Plaintiff failed to

plead a retaliation claim under Title VII because he did not satisfy two of the four required

elements of that claim. See ECF No. 24 at 14-16; Mitchell v. State Univ. N.Y. Upstate Med.

Univ., 723 F. App'x 62, 63 (2d Cir. 2018) (summary order) (quoting Lore v. City of Syracuse,

670 F.3d 127, 157 (2d Cir. 2012)) ("To sustain a *prima facie* case of retaliation under Title VII, a

plaintiff must demonstrate that (1) [he] was engaged in protected activity; (2) the employer was

aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a

causal connection between the protected activity and that adverse action.") (alteration in

original). And Plaintiff still fails to allege the same two necessary elements of a retaliation claim:

that Samaritan was aware that Plaintiff engaged in protected activity—namely, his complaint to

the New York State Division of Human Rights ("NYSDHR")—and that Plaintiff experienced an

adverse employment action before or after the protected activity. ECF No. 24 at 14-16.

Plaintiff's new allegations and facts in the second amended complaint—*i.e.*, that he experienced explicit intimidation and threats and that he has a video to prove his case—do not suffice to plausibly allege that Samaritan was aware of Plaintiff's complaint to the NYSDHR. Nor do these allegations plausibly allege an adverse effect to the terms and conditions of Plaintiff's employment. Plaintiff does not mention his complaint to the NYSDHR at all in the second amended complaint, relying only on the conclusory and unsubstantiated allegation that he gave a video that "prove[s] [his] case" to the NYSDHR. See Laurent v. G & G Bus Serv., Inc., No. 10-CV-4055 (JGK), 2011 WL 2693651, at *1 (S.D.N.Y. July 11, 2011) ("While the plaintiff repeats his conclusory allegations . . . that he was retaliated against in violation of . . . Title VII, he has failed to go beyond conclusory allegations that do not state plausible claims for violation of [Title VII].").

Finally, with respect to Plaintiff's hostile work environment claim, I previously determined that Plaintiff had failed to state a claim because he did not allege facts from which to plausibly infer the existence of the third element of this claim—that hostile conduct occurred because of Plaintiff's race. See ECF No. 24 at 18-19; Rodriguez v. Town of Ramapo, 412 F. Supp. 3d 412, 444 (S.D.N.Y. 2019) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)) ("To state a hostile work environment claim, a plaintiff must plead conduct that '(1) is objectively severe or pervasive . . . ; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected status].'") (alteration in original). In the second amended complaint, Plaintiff still has not included any facts from which to plausibly infer that Defendants' hostile conduct occurred because of his race. See ECF No. 24 at 16-19. And it cannot be inferred from the additional allegations and facts that any Defendant acted out of racial animus towards Plaintiff. Plaintiff's

8

new allegations do not even discuss race. See Jeune v. City of New York, No. 11-CV-7424 (JMF), 2014 WL 83851, at *8 (S.D.N.Y. Jan. 9, 2014) (granting summary judgment for Defendants on hostile work environment claims where Plaintiff "provide[d] no evidence that would allow the Court to conclude that any differential treatment he received was on account of his race . . . [t]hus Plaintiff fail[ed] to demonstrate the causal connection between his race . . . and the allegedly hostile actions required by the federal, state, and local statutes").

In sum, I recommend that Plaintiff's Title VII claims against Samaritan be dismissed with prejudice because Plaintiff has failed to exhaust his administrative remedies and, even if administratively exhausted, Plaintiff has not adequately pled the necessary elements of claims for discrimination, retaliation, and hostile work environment.

### 2. NYSHRL claims

In the R&R, I recommended that Plaintiff's NYSHRL claims against Defendants be dismissed for lack of subject-matter jurisdiction because the claims are barred under the election of remedies doctrine. See ECF No. 24 at 19-22. I also explained that the NYSHRL claims, even if not dismissed for lack of subject-matter jurisdiction, should be dismissed for failure to state a claim because the first amended complaint failed to plausibly allege claims for discrimination, retaliation, and hostile work environment under the NYSHRL. See id. at 22.

In his second amended complaint, Plaintiff again asserts discrimination, retaliation, and hostile work environment claims against Defendants Samaritan, Chestnut, and Kloepping under the NYSHRL. See ECF No. 27 at 4-5. These claims again fail for lack of subject-matter jurisdiction under the election of remedies doctrine because Plaintiff filed a complaint with the NYSDHR and has not demonstrated that any of the three exceptions to the election of remedies

bar apply.[7] See ECF No. 24 at 19-23; N.Y. Exec. Law § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights.").

Plaintiff has not included any new facts or allegations regarding his complaint with the NYSDHR in his second amended complaint, much less facts or allegations relating to the exceptions to the election of remedies doctrine. See ECF No. 26 at 2 (directing Plaintiff "to amend his complaint to allege whether an exception to the election of remedies doctrine applies"). And for the same reasons discussed with regards to Plaintiff's Title VII claims, Plaintiff's second amended complaint still fails to plausibly allege claims for discrimination, retaliation, and hostile work environment under the NYSHRL.[8] See Matthew v. Texas Comptroller of Pub. Accts., No. 21-CV-5337 (JPC), 2022 WL 4626511, at *7 (S.D.N.Y. Sept. 30, 2022) (quoting Khwaja v. Jobs to Move Am., No. 19-CV-7070 (JPC), 2021 WL 3911290, at *3 (S.D.N.Y. Sept. 1, 2021)) ("Claims brought under the NYSHRL are analyzed under the 'same structure' as Title VII claims.").

---

[7] Plaintiff incorporated his filing with the NYSDHR in his first amended complaint. See, e.g., ECF No. 5 at 10-13, 31. Although the second amended complaint does not contain Plaintiff's NYSDHR filing, I have considered that filing here. See supra note 3.

[8] Hostile work environment claims under the NYSHRL are governed by a more lenient standard than such claims under Title VII. Wheeler v. Praxair Surface Tech., Inc., 694 F. Supp. 3d 432, 451 (S.D.N.Y. 2023). The NYSHRL requires only that a plaintiff "establish that he was subjected to inferior terms, conditions or privileges of employment because of the individual's membership in one or more . . . protected categories." Id. (internal quotation marks and citation omitted, alteration in original). As was true with Plaintiff's first amended complaint, because Plaintiff still fails to allege that Defendants' conduct occurred because of his race, his NYSHRL hostile work environment claim is deficient for the same reason as his Title VII hostile work environment claim. See ECF No. 24 at 22 n.4.

Thus, I recommend that Plaintiff's NYSHRL claims be dismissed with prejudice because the Court lacks subject-matter jurisdiction, and Plaintiff has failed to plausibly allege a claim under the NYSHRL.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' motion to dismiss be **GRANTED** and all claims be dismissed with prejudice.

**SO ORDERED.**

DATED:    New York, New York
          January 30, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Jessica G. L. Clarke. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**

11